Doyle Max WILSON, Plaintiff

v.

The INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.

No. 17596.

Supreme Court of Utah.

Nov. 5, 1981.

A. Eugene Hancock, New Albany, Ind., for plaintiff.

Floyd G. Astin, K. Allan Zabel, Salt Lake City, for defendant.

## PER CURIAM:

Plaintiff seeks review of the Industrial Commission's denial of unemployment compensation for a period of six weeks. The Commission's denial was based upon its finding that plaintiff did not have good cause for terminating his employment.

Upon review, plaintiff claims that he terminated his employment upon religious grounds and the denial of benefits violates his constitutional right to the free exercise of religion. The record however discloses that plaintiff's intent was to move to Indiana to be closer to a larger number of persons practicing his religion and had planned such move "... for some time." In addition, plaintiff's own testimony was that there existed nothing at his work that proscribed or jeopardized his individual religious beliefs. In fact, plaintiff's co-workers were described as "good guys" and his feeling was something "... I felt inside myself."

This factual situation is different from those cases in which an employee is called upon, as a condition of his employment, to violate a basic precept of his religious beliefs.[1] Here, while plaintiff may have felt uncomfortable in his surroundings, we are unable to conclude that there existed anything that impinged upon plaintiff's freedom of religion.

Further, there seems sufficient evidence to support the Commission's findings regarding the lack of good cause for plaintiff's voluntary termination and this Court is precluded from disturbing such findings.[2] Accordingly, the order is affirmed.

1. *Thomas v. Review Board of the Indiana Employment Security Division*, 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); and *Abington School District v.* *Schempp*, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

